IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN R. JORDAN, JR.

    Plaintiff,                    No. CIV S-03-1820 LKK KJM P

    vs.

CAL A. TERHUNE, et al.,           ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. By order filed August 24, 2004, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint. On February 3, 2005, plaintiff filed an emergency motion for appointment of counsel, copies of documents, and a transfer. On March 16, 2005, plaintiff filed a motion for a temporary restraining order. On March 25, 2005, he filed a request to file a supplemental pleading. On April 1, 2005 he filed a "Request/Motion To Submit Exhibits," an amended complaint, and 528 pages of exhibits. However, on April 18, 2005, plaintiff filed a motion to withdraw the amended complaint and on April 25, 2005, a motion to file a third amended complaint.

/////

/////

1

I. <u>Motion Filed February 3, 2005</u>

Plaintiff's February 3, 2005 motion alleges that several of the defendants in this civil rights action have used fabricated documents and falsified information to "come up with an outrageous charge" of his having conspired to murder defendant Fleming. As a result, plaintiff has been placed in segregation and deprived of his legal materials and writing supplies. In response, plaintiff had undertaken a hunger strike, but is being denied medical care. He seeks the appointment of counsel and an order directing his transfer to another institution.

Although plaintiff has agreed to take a lie detector test to prove the truth of his words, and on February 10, 2005 supplemented his motion with a declaration under the penalty of perjury in support of his claims, there is no indication in the court's file that he has attempted to give notice of his request for injunctive relief to defendants, or explained what efforts he has made to notify those who might direct his transfer, as required by the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 65 (a), (b).

Moreover, while plaintiff claims his life is in danger, he has provided nothing but his own evaluation of the situation. Speculative injury does not constitute irreparable harm. <u>See Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988). A presently existing actual threat must be shown, although the injury need not be certain to occur. <u>See Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 130-31 (1969); <u>FDIC v. Garner</u>, 125 F.3d 1272, 1279-80 (9th Cir. 1997); <u>Caribbean Marine Servs. Co.</u>, 844 F.2d at 674.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's renewed request for the appointment of counsel will therefore be denied.

II. Motions Filed March 16, 2005

    A. Motion To Filed An Amended Complaint

This motion is moot in light of plaintiff's amended complaint, filed April 1, 2005, and in any case is superseded by plaintiff's subsequent motions to file an amended complaint, addressed below.

    B. Request For Injunctive Relief

Plaintiff alleges that defendant Peck ordered all of plaintiff's legal materials confiscated, directed defendants Jackson and Wagner to screen out or otherwise not process plaintiff's grievances, ordered all of plaintiff's mail be confiscated, and barred plaintiff from visiting the law library. Plaintiff has alleged he gave notice to various defendants by placing copies of these motions in the institutional mail. Affidavit Of John Jordan (filed Mar. 17, 2005) ¶ 6. In a companion pleading filed March 18, 2005, plaintiff seeks relief from a requirement that security be posted upon the granting of injunctive relief.

It appears from plaintiff's subsequent pleadings filed on April 1 and 4, 2005 and the accompanying 528 pages of exhibits that plaintiff now has access to his legal material and that he is able to mail documents, including the many envelopes of exhibits that reached this court. Moreover, plaintiff has not alleged the nature of the specific harm that will befall him if he is not granted additional access to the law library or if his grievances are not processed. Thus, there is an insufficient basis for a grant of injunctive relief. See Zenith Radio, 395 U.S. at 130-31.

III. Motion Filed March 25, 2005

On March 25, 2005, plaintiff filed another motion to file a supplemental pleading, adding additional claims, along with an outline of the claims he seeks to add. The motion is moot in light of this court's consideration of the amended complaint subsequently filed April 1, 2005.

/////

IV. <u>Amended Complaint Filed April 1, 2005</u>

In light of plaintiff's later motions, it appears that he does not wish the court to screen this complaint, but wishes to submit a further amended complaint.

V. <u>Motions To Withdraw Complaint And File An Amended Complaint</u>

On April 18, 2005, plaintiff filed a motion to withdraw the amended complaint filed on April 1st, and on April 25, 2005, he filed a motion to file a new amended complaint. These motions will be granted, subject to plaintiff's adherence to the standards applicable to an amended complaint set forth in the court's prior order of August 24, 2004.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 3, 2005 motion for the appointment of counsel is denied.

2. Plaintiff's February 3, 2005 and February 10, 2005 motions for emergency relief are denied.

3. Plaintiff's March 16, 2006 motion to amend his complaint is denied as moot.

4. Plaintiff's March 16, 2005 motion for emergency relief is denied without prejudice.

5. Plaintiff's March 18, 2005 motion to dispense with the requirement of security is denied.

6. Plaintiff's March 25, 2005 motion to file a supplemental pleading is denied as moot.

7. Plaintiff's April 18, 2005 motion to withdraw the complaint filed April 1, 2005 is granted.

8. Plaintiff's April 25, 2005 motion to file an amended complaint is granted, on the condition that plaintiff shall comply with the standards and page limitations imposed in this court's order of August 24, 2004 in preparing complaint. Plaintiff is further advised to <u>not</u> include in any amended complaint any of those contentions the court previously has found do not state a claim under the civil rights act, as set forth in the August 24, 2004 order. Plaintiff is

4

1  cautioned that he may be sanctioned, including with dismissal of this action, if he does not
2  comply with this order.
3  DATED: May 17, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
jord1820.14 amd