IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JORDAN,

    Plaintiff,                       No. CIV S-03-1820 LKK KJM P

    vs.

CAL A. TERHUNE, et al.,         ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On August 22, 2005, he filed a motion for a restraining order and preliminary injunction. He asks the court to direct named defendants to release him from administrative segregation, submit his case for non-emergency transfer, place him on single-cell status pending the transfer, repair his television, return all of his personal papers and drawings and to cease intefering with his mail, witholding food, preparing false rules violations reports, and attempting to put a "snitch-jacket" on him.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary

1

restraining orders which are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

  The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

  When a party seeks an injunction against a state agency, "a strong factual record is necessary." Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir. 1992). Moreover, when a party seeks an injunction that would require affirmative conduct, the facts and law must clearly favor the moving party before relief is warranted. Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993); Cupolo v. Bay Area Rapid Transit, 5 F.Supp.2d 1078, 1085 (N.D. Cal. 1997).

  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

/////

1 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
2 correct the harm." 18 U.S.C. § 3626(a)(2).

3       Plaintiff has submitted over a hundred pages of pleadings and attachments, many
4 of which are simply copies of letters he has sent to named defendants and of documents
5 generated in response to various Rules Violation Reports submitted against him. He has
6 supported his motion with his declaration, but its many conclusions (i.e., "Lt.S. Peck suborned
7 Lt. J.L. Bishop to have me placed into administrative segregation. . . . ) are unsupported by
8 anything but plaintiff's speculation. The numerous additional exhibits do not provide the "strong
9 factual" support plaintiff needs in support of these requests. Accordingly, he has not shown that
10 the facts and law clearly favor his position.

11       IT IS HEREBY ORDERED that plaintiff's August 22, 2005 request for a
12 temporary restraining order is denied.

13       IT IS HEREBY RECOMMENDED that plaintiff's August 22, 2005 request for a
14 preliminary injunction be denied.

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
17 days after being served with these findings and recommendations, plaintiff may file written
18 objections with the court. The document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).
22 DATED: December 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

26 2 jord1820.56

3