IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JORDAN,

    Plaintiff,                  No. CIV S-03-1820 LKK KJM P

    vs.

CAL A. TERHUNE, et al.,

    Defendants.               ORDER

_____/

        On December 8, 2005, the Magistrate Judge issued an order finding service appropriate for some, but not all, of the defendants listed in plaintiff's amended complaint.

        After receiving an extension of time, plaintiff filed objections to that order on January 5, 2006.

I. <u>Standards For Motions To Reconsider</u>

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that

the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

In the instant action, plaintiff has done nothing more than complain that the magistrate judge failed to order service on a list of defendants "without legal reason or justification." This is not a sufficient basis for a motion for reconsideration.

II. Untimely Motion For Reconsideration

On March 30, 2006, plaintiff filed a second request for reconsideration of that order. Local Rule 72-303(b), states "rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten court days . . . from the date of service of the ruling on the parties." E.D. Local Rule 72-303(b). Plaintiff's request for reconsideration of the magistrate judge's order of December 7, 2005 is therefore untimely.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 5, 2006 (docket no. 68) and March 30, 2006 requests for reconsideration (docket no. 83) are denied.

DATED: April 24, 2006.

/s/Lawrence K. Karlton
UNITED STATES DISTRICT JUDGE

/youn1680.851