IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JORDAN,

      Plaintiff,                  No. CIV S-03-1820 LKK KJM P

      vs.

CAL A. TERHUNE, et al.,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed several motions and requests, which are pending before the court.

I. <u>Discovery Motion And Requests</u>

      Plaintiff has filed a "notice of first set of interrogatories to defendants" (docket no. 85), a "first request for inspection and production of documents" (docket no. 107), and another set of interrogatories to defendants (docket no. 110). Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

1 In addition, plaintiff has filed a motion for discovery (docket no. 106). During the
2 course of the litigation, the court will issue an order governing the discovery proceedings and a
3 scheduling order setting dates for motions to compel discovery, summary judgment and,
4 ultimately for trial. Moreover, until plaintiff has sought discovery from the defendants and been
5 refused, a motion for discovery is premature.
6 II. <u>Motions For Default Judgment</u>
7 On April 7 and June 21, 2006, plaintiff filed motions for the entry of a default
8 judgment.
9 The court did not direct the United States Marshal to serve the defendants until
10 April 25, 2006. Default cannot be entered against a party until that party has been served with a
11 summons and complaint and then has failed to respond. Fed. R. Civ. P. 55(a).
12 Moreover, when a party has waived service, the answer to the complaint is not
13 due until sixty days after the date the request for the waiver of service is sent. Fed. R. Civ. P.
14 4(d)(3). In this case, the waivers were mailed on April 25, 2006. Docket Nos. 99, 103.
15 Accordingly, both of these motions are premature.
16 III. <u>Motion For An Extension Of Time</u>
17 On May 8, 2006, plaintiff filed a motion for an extension of time in which to file a
18 motion for reconsideration and/or appeal of the order of December 7, 2005. Because the time for
19 filing such a motion had already expired by the time of plaintiff's May filing, there is no period
20 of time to be extended. L.R. 72-303(b).
21 Accordingly, IT IS HEREBY ORDERED that:
22 1. Plaintiff's April 7 and July 26, 2006 interrogatories, his July 24, 2006 first
23 request for inspection and production of documents, and his July 24, 2006 motion for discovery
24 will be placed in the court file and disregarded. Plaintiff is cautioned that further filing of
25 discovery requests or responses, except as required by rule of court, may result in an order of
26 sanctions, including, but not limited to, a recommendation that this action be dismissed.

1      2. Plaintiff's April 7 and June 21, 2006 motions for the entry of default are
2 denied.
3      3. Plaintiff's May 8, 2006 request for additional time in which to file a motion for
4 reconsideration is denied.
5 DATED: August 2, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/mp
jord1820.411