IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN R. JORDAN, | | |
| | Plaintiff, | No. CIV S-03-1820 LKK KJM P |
| vs. | | |
| CAL. A. TERHUNE, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____ / | | |

Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendant Rohfling has filed a motion to dismiss claims based on two incidents for failure to exhaust administrative remedies. Defendants Armoskus, Boitano, Brown, Cobb, Cox, Dreith, Eder, Felker, Kopec, McCraw, McGuire, Miranda, Platt, Vanderville, Wong and Wright have filed a motion to dismiss for failure to exhaust administrative remedies and for failure to follow court orders and to state a claim. Plaintiff has filed motions for entry of default judgment against defendant Rohlfing and a request to allow service by publication.

/////
////
////
//////

1

I. Failure To Exhaust Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). Proper exhaustion of available remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001); Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (addressing timeliness aspect of proper exhaustion).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

    A. Defendant Rohlfing

In the amended complaint, plaintiff names defendant Rohlfing in several sections. In the section dealing with an October 29, 2001 injury to plaintiff's back, Rohlfing is named as the doctor who eventually diagnosed the injury; plaintiff does not allege that Rohlfing's actions or diagnosis violated plaintiff's Eighth Amendment rights. Amended Complaint (Am. Compl.)

1  ¶¶ 51, 60.  Plaintiff also alleges that on November 27, 2002, defendant Rohlfing issued an order
2  allowing plaintiff to dim his lights because of an eye problem; again, he does not allege that this
3  action violated his Eighth Amendment rights.  Id. ¶¶ 63, 69.
4        However, plaintiff does allege that from February 4 through February 11, 2005,
5  defendant Rohlfing subjected plaintiff to bright lights for sixteen hours a day even though he was
6  aware that plaintiff could not tolerate the lights as the result of his eye problems.  Id. ¶ 146.
7        Defendant Rohlfing alleges that plaintiff did not secure Director's Level decisions
8  relating to the incidents of October 29, 2001 or November 27, 2002.[1]  Plaintiff does not contest
9  this but argues that Rohlfing's role in these incidents was as a witness, not an actor.  Although
10 the complaint is not a model of clarity, the court accepts plaintiff's construction as a reasonable
11 reading of these claims.  Indeed, the court found service on Rohlfing appropriate only for the
12 allegations contained in paragraph 146.  See Order filed 12/8/05.
13       Accordingly, because the claim against defendant Rohlfing stems from the
14 incident of February 4 through 11, 2005, a claim defendant Rohlfing has not addressed in his
15 motion to dismiss, his motion should be denied.
16   B.  Incident Of October 29, 2001
17       As noted, plaintiff alleges that he injured his back on October 29, 2001; he also
18 alleges that defendants Mericle and Eder refused to examine him promptly and ignored his cries
19 of pain.  Later defendant McCraw refused to examine plaintiff unless plaintiff stood up,
20 something he could not do as a result of the injury.  Thereafter defendants McCraw and Eder
21 rolled plaintiff onto his stomach and lifted him roughly into the wheelchair, further aggravating
22 /////

---

[1] Generally, defendants challenge plaintiff's failure to exhaust only as to these two incidents, with the November 27, 2002 order by defendant Rohlfing providing the basis for an alleged incident on November 30, 2002.  See Am. Compl. ¶¶ 64-68.  As part of his opposition, plaintiff has attached grievances relating to most, if not all, of his claims.  Some of these suggest that the grievances were rejected as untimely.  See, e.g., Opp'n, Ex. H.  Defendants have not addressed any of these grievances in their motion or in any reply.

his injury, and finally left plaintiff on the floor of his cell.  Later defendants Eder and McCraw wrote a false rules violation report about the incident.  Am. Compl. ¶¶ 51-59.

Plaintiff submitted a grievance, given Log No. HDSP-D-01-03856, complaining about this incident.  Defs.' Mot. to Dismiss filed July 26, 2006 (DMTD), Ex. A, Attach. 1.  The grievance was denied at the informal level, after which plaintiff appealed to the formal level asking that he be treated by a doctor, the district attorney be notified, the complaint be fully processed and its existence be verified.  Id.  The first level appeal response notes that plaintiff was seen in January 2002 by Dr. Rohlfing, who prescribed medication for pain, a knee brace and physical therapy.  Dr. Baron, the official responding to the appeal, noted that the appeal was "Partially Granted.  You were examined by a physician and your appeal has been processed."  However, Dr. Baron noted that "it is beyond the scope of the appeal process for us to notify the District Attorney's office or to check the case law that you cite."  Id.  Plaintiff did not file a Director's Level appeal.  DMTD, Ex. A ¶ 3.

In Booth, the Supreme Court recognized that for a remedy to be "available," there must be the "possibility of some relief. . . ."  532 U.S. at 738.  Relying on Booth, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).  In Brown, the inmate filed a grievance claiming that Valoff had used pepper spray against him.  The grievance was denied at the first level, but the second level decision was "partially granted" because the incident was referred to the Office of Internal Affairs for a staff misconduct investigation.  Id. at 931.  The second level decision also informed Brown that monetary compensation was "beyond the scope of the appeals process."  Brown did not seek a Director's Level review.

/////

The Ninth Circuit found that Brown had exhausted all available remedies even though he did not seek a Director's Level determination; after Brown's appeal was "partially granted" at the second level and he was informed that he would not learn if any disciplinary action against Valoff was determined to be necessary, no further remedies were available. The court relied in part on the CDCR Administrative Bulletin's definition of the "partially granted" determination of an appeal:

> Whether an appeal directed to the staff complaint procedure is given a "granted" or "partially granted" response depends not on whether there remains some possibility of obtaining relief through the appeals process, but on "the action requested by appellant." Here, the "action requested by the appellant" was monetary compensation, which was, as the response informed him right after telling him that his staff complaint would be thoroughly investigated, "beyond the scope of the appeals process . . . ."

Id. at 939; see also Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), overruled on other grounds, Jones v. Bock, ___ U.S. ___, 2007 WL 135890 (2007); Brady v. Attygala, 196 F.Supp.2d 1016 (C.D. Cal. 2002).

In this case, plaintiff's complaint was "partially granted" because he had received the medical treatment he sought and he was told that his request for a referral to the district attorney's office was "beyond the scope of the appeals process." Under Booth and Brown, there were no further administrative remedies available for plaintiff to pursue.

C. Incident Of November 30, 2002

On December 1, 2002, plaintiff filed grievance Log No. HDSP-H-02-02201, claiming that defendants Kaptur and McGuire had "torture[d]" him with bright lights. DMTD, Ex. A, Attach. 2. Plaintiff pursued this grievance through the second level, complaining that McGuire and Kaptur refused to dim his cell lights, among other things. He asked that the appeal be processed as a staff complaint. This appeal was "granted in part" at the second level because

/////
/////

1  "[t]he Chief Deputy Warden reviewed these allegations of staff misconduct and determined that

2  this appeal was to be processed as a staff complaint."  However:

3  > The inmate's request for his cell lights to be dimmed is denied.  Dr.
4  > Rohlfing ordered that staff comply with current Administrative
5  > Segregation Unit (ASU) procedure concerning the lighting in an
   > ASU inmate's cell.  It is noted that the inmate is currently on ASU
   > status.

6  DMTD, Ex. A, Attach. 2.  Plaintiff did not seek a Director's Level review.  DMTD, Ex. A ¶ 3.

7  As part of Brown v. Valoff, the Ninth Circuit considered the case of a second

8  inmate, Hall.  See Brown, 422 F.3d at 932.  Hall had filed a grievance about an alleged beating

9  and improper use of pepper spray against him.  He asked for monetary compensation and the

10 removal of the officers involved.  He also complained that he had not received adequate medical

11 treatment and had lost property during the cell extraction.  Hall's second level decision noted that

12 it would be treated as a staff complaint, but "if the appeal contains other issues . . . the other

13 issue(s) must be appealed separately."  Id. at 933.  It also noted that his appeal was denied and he

14 was advised to appeal to the Director's Level if he was dissatisfied.  Id.

15 The Ninth Circuit found that Hall had not complied with the exhaustion

16 requirements of the PLRA because he did not pursue further appeal of the medical care claim,

17 which was included in the civil rights complaint, and because his appeal had been denied.  The

18 denial, according to administrative policy, suggested some avenues of relief might still be open to

19 him.  Id. at 941-42.

20 Under Brown's interpretation of the California grievance process, plaintiff did not

21 exhaust his administrative remedies as to the November 30 incident.  Although plaintiff's request

22 that the appeal be treated as a staff complaint was granted, his request that the lights be dimmed

23 was denied.  Because relief was still available as to that portion of plaintiff's grievance, his

24 failure to seek Director's Level review means that he did not exhaust his administrative remedies

25 as to the November 30, 2002 incident involving defendants Kaptur and McGuire.

26 /////

1  II.  <u>Failure To Follow The Screening Order And For Failure To State A Claim</u>

Defendants argue that plaintiff failed to abide by the court's screening order of August 24, 2004, when he included claims the court previously had screened out. They ask that those claims be dismissed without leave to amend, and also argue that several of the allegations do not state a claim under the civil rights act.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

   A.  <u>Segregation</u>

Defendants argue that plaintiff included a claim about his placement in disciplinary confinement after the September 27, 2002 rules violation report even though the court had noted that the claim appeared to be barred by the rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997). They also argue that plaintiff's additional claim relating to classification hearings on November 18 and 21, and December 14, 2002, and a January 29, 2005 rules violation and the subsequent loss of good time, are similarly barred by <u>Heck</u>. DMTD at 5-7.

In his amended complaint, plaintiff alleges that his placement in administrative segregation on September 27, 2002 without due process and by use of falsified evidence was "retaliatory harassment" in violation of his First Amendment rights. Am. Compl. at 1:2-4, ¶ 28.

7

Heck does not bar a claim that disciplinary proceedings were undertaken in retaliation for an exercise of First Amendment rights. Woods v. Smith, 60 F.3d 1161, 1164-65 (5th Cir. 1995). Although this claim is not Heck-barred, plaintiff's contentions do not adequately plead a claim of retaliation, as noted below. See pages 10-11 infra.

Plaintiff also alleges that he was removed from general population on November 14 and 15, 2002 because of allegations that he was affiliated with the Black Guerilla Family (BGF). On November 18 and 21, and again on December 18, 2002, he was denied his due process rights during proceedings stemming from these allegations. Am. Compl. ¶¶ 29-32, 43-46. Plaintiff alleges that he lost personal property, his job, contact visitation, and his credit earning status as a result; he does not allege that he lost accrued good time. Id. A civil rights action challenging hearing procedures may be maintained if the result of the "disciplinary hearing or administrative sanction [] does not affect the overall length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, 541 U.S. 1063 (2004). Because there is no claim that plaintiff lost good time as a result of the gang validation proceedings, this claim is not Heck-barred.

Finally, plaintiff alleges that on January 29, 2005, he was accused of conspiracy to murder or assault a correctional officer. Am. Compl. ¶ 116. Thereafter, in all the hearings on the charges, he was denied his due process rights. Id. ¶¶ 127-145. He also alleges, however, that on January 29, 2005, copies of his civil rights action began to circulate among those named as defendants and that various named defendants were involved in the hearings relating to this period of segregated housing, held on February 3, March 3, April 14, May 19 and May 28. Am. Compl. ¶¶ 117, 121, 128, 132, 136, 139. Read broadly, this states a claim of discipline undertaken in retaliation and therefore is cognizable. Woods v. Smith, 60 F.3d at 1124-25.

/////
/////
/////

B. <u>Interference With Mail</u>

Defendants argue that the court directed plaintiff not to include claims concerning problems with his mail unless he could cure the deficiencies in the pleading and that plaintiff included the claims without complying with the court's order.

Defendants' characterization is correct, but the court did not order service on any defendants in connection with these allegations because no defendants are named in them. They do not belong in the complaint, but none of the defendants have been harmed by their inclusion.

C. <u>Falsification Of Documents</u>

In several clusters of plaintiff's claims, he alleges that defendants prepared false rules violations or other charges against him. Am. Compl. ¶¶ 59, 62, 90, 92, 108, 116, 119, 127, 130, 140-143. Many of these are associated with plaintiff's challenge to his placement in segregation; because they are part of claims the court has found proper, they are not subject to dismissal. <u>Id</u>. ¶¶ 116, 119, 127, 130, 140-143.

Plaintiff's reference to a false gang validation is not associated with any defendant, but is included as background to the claims that follow. <u>Id</u>. ¶ 62. In addition, his claim that defendants Cobb and Cox wrote a false rules violation report in connection with plaintiff's request for more library time and attempts to photocopy his complaint is part of plaintiff's claim relating to denial of access to the courts and law library rather than an independent claim. <u>Id</u>. ¶ 90, 92.

Plaintiff's averment that defendants Boitano, Dreith, Felker, Platt and Vanderville approved falsified documents is part of a claim of retaliation for exercise of his First Amendment rights. <u>Id</u>. ¶ 108.

The allegations contained in paragraph 59 of the amended complaint are too conclusory; accordingly, the claims against defendants Eder and McCraw contained in that paragraph should be dismissed.

/////

D.  Law Library Access

Defendants allege that plaintiff has failed to allege facts showing actual injury from his reduced access to the law library and thus has not stated a viable claim. Once again, however, plaintiff has changed his focus from the original complaint and now alleges that the restrictions on law library access were part of the "retaliatory harassment." Am. Compl. at 1:11-13, ¶¶ 4, 91-94. This states a claim. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

E.  Failure To Protect—Labeling As A Snitch

An inmate states a cause of action when he alleges that prison officials labeled him a snitch and that he was thereafter threatened by other inmates. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1988). Plaintiff's allegations–that inmates asked him to produce his paperwork or be attacked--are sufficient.

Defendants argue that because the court did not find service appropriate for B. Fleming, who is also named in this section of the complaint, the claim must not be sufficient. That, however, was the court's oversight: service is appropriate for defendant Fleming for the actions alleged in paragraphs 113 and 114.

F.  Retaliation By Seizing Religious Medallion

Plaintiff alleges that on September 27, 2002, defendants Eder and Cobb confronted plaintiff about his religious medallion, a situation that ultimately resulted in his placement in segregation based on an allegedly false rules violation report written by defendants Eder and Cobb. Am. Compl. ¶¶ 21, 27. Plaintiff alleges that these actions were acts of "retaliatory harassment" in violation of his First Amendment rights. Id. ¶ 23.

/////
/////
/////
/////
/////

1   In Rhodes v. Robinson, the Ninth Circuit defined the elements of a retaliation
2 claim:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

408 F.3d at 567-68 (footnote omitted). As defendant has noted, plaintiff has not alleged that the actions on September 27 were taken in retaliation for prior activities protected by the First Amendment. This portion of the complaint, included in paragraphs 21-28 of the amended complaint, does not state a claim.

G.   Denial Of Access To The Grievance Procedure

Plaintiff alleges his right to petition the government for redress of grievances was violated when various defendants screened out or lost his grievances. Am. Compl. ¶¶ 72-87.

An inmate's right to petition the government for the redress of grievances includes the pursuit of inmate administrative remedies. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988); Hines v. Gomez, 853 F.Supp. 329, 331 (N.D. Cal. 1994). Nevertheless, a prisoner has no constitutional right to a prison grievance procedures. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Because inmates do not have a substantive right to prison grievance procedures, the failure of prison officials to comply with those procedures is not actionable under § 1983. Indeed, the court did not direct service as to most of these claims. However, to the extent plaintiff asserts these claims against defendants who have been served for other reasons, the court finds plaintiff has failed to state a claim in this civil rights action as to defendant Wright insofar as he is alleged to have acted in paragraph 72, and against defendants Armoskus and Felker insofar as they are alleged to have acted in paragraphs 74 and 81.

/////

III. <u>Plaintiff's Motion For Default</u>

On January 3, 2007, plaintiff filed a motion asking the court to enter a default judgment against defendant Rohlfing. Defendant Rohlfing has opposed the motion.

If the waiver of service was indeed sent to Rohlfing on April 25, 2006, then he had until June 24, 2006 in which to file an answer or other response to the complaint. On June 22, 2006, the Attorney General asked for an extension of time in which to respond on behalf of all the defendants, including Rohlfing; the court granted the request.

On July 27, 2006, new counsel for defendant Rohfling requested additional time to respond; the formal substitution of counsel was filed on August 2. Thereafter the court granted the request and defendant Rohlfing filed his motion to dismiss on September 1, 2006. This was timely. The motion for entry of a default judgment is denied.

IV. <u>Plaintiff's Request For An Order Permitting Service By Publication</u>

On January 3, 2007, plaintiff filed a request for an order permitting him to serve an unnamed defendant by publication. He has not satisfied the requirements for such an order. Fed. R. Civ. P. 4(e)(1); Cal. Civ. Proc. Code § 415.50.

IT IS HEREBY ORDERED that:

1. Plaintiff's January 3, 2007 request for the entry of a default judgment against defendant Rohlfing is denied.

2. Plaintiff's January 3, 2007 request for an order permitting service by publication is denied.

3. Service of the amended complaint is appropriate for B. Fleming for the conduct described in paragraphs 113 and 114.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the amended complaint filed June 20, 2005.

/////

/////

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed June 20, 2005.

IT IS HEREBY RECOMMENDED that:

1. Defendant Rohlfing's motion to dismiss be denied.

2. Defendants Kaptur and McGuire's motion to dismiss for failure to exhaust administrative remedies be granted as to the allegations contained in paragraphs 64, 66 and 68 of the amended complaint.

3. Defendants Eder and McCraw's motion to dismiss for failure to state a claim be granted as to the allegations contained in paragraph 59 of the amended complaint.

4. Defendants Eder and Cobb's motion to dismiss for failure to state a claim be granted as to the allegations contained in paragraphs 21 through 28 of the amended complaint.

5. Defendant Wright's motion to dismiss for failure to state a claim be granted as to the allegations contained in paragraph 72 of the amended complaint.

6. Defendants Armoskus and Felker's motion to dismiss be granted insofar as they are alleged to have acted in paragraphs 74 and 81.

7. Defendants' motion to dismiss filed July 26, 2006 be denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  February 13, 2007.

_____
U.S. MAGISTRATE JUDGE

2/jord1820.57

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN R. JORDAN

     Plaintiff,                              No. CIV S-03-1820 LKK KJM P

    vs.

CAL. A. TERHUNE, et al.,                <u>NOTICE OF SUBMISSION</u>

     Defendants.                          <u>OF DOCUMENTS</u>

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    <u> 1 </u>     completed summons form

    <u> 1 </u>     completed USM-285 forms

    <u> 2 </u>     copies of the June 20, 2005 Amended Complaint

DATED:

                                                        Plaintiff