IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN R. JORDAN, Jr.,

      Plaintiff,                    No. CIV S-03-1820 LKK KJM P

   vs.

CAL A. TERHUNE, et al.,

      Defendants.           <u>ORDER</u>

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C.§ 1983.

I. <u>Defendants' Request For An Extension Of Time</u>

        Defendants have requested that the date set for filing dispositive motions be extended from October 12, 2007 until November 30, 2007. Their request is supported by a showing of good cause.

II. <u>Plaintiff's Filings</u>

        On August 24, 2004, the court cautioned plaintiff that he might be subject to sanctions, including dismissal of the action, should he continue to file frivolous or excessive motions.

/////

1

On May 18, 2005, the court permitted plaintiff to file a second amended complaint, but cautioned him not to include those claims which the court had previously identified as not stating a claim under the civil rights action. Nevertheless, plaintiff's second amended complaint, filed June 20, 2005, contained some of the claims relating to interference with his mail which the court had previously found insufficient.[1]

On April 21, 2006, plaintiff filed a motion to introduce evidence and exhibits, which consisted of some five hundred pages of material including copies of administrative regulations and the Bill of Rights, among other things. On April 26, 2006, the court ordered these materials stricken from the record because plaintiff had not attempted to identify the relevance of the documents or tie them to any pending motion. The court notified plaintiff that it would not act as his filing cabinet and cautioned him that filing irrelevant documents could subject him to sanctions, including dismissal of the action.

On September 19, 2006, the court issued a protective order staying discovery until the motions were resolved. Nevertheless, on October 5, 2006, plaintiff filed a document entitled "first set of admissions." On October 25, 2006, the court issued an order, striking plaintiff's "first request for admissions" from the record, notifying plaintiff that he should not file discovery requests with the court unless and until they are at issue and warning him that the court would consider imposing sanctions, including dismissal, should plaintiff file additional discovery requests.

On June 29, 2007, the court issued a discovery order, again informing plaintiff that the filing of discovery requests may result in the imposition of sanctions, including dismissal of the action and that he need not obtain the court's permission to pursue discovery.

---

[1] Although the court did not order service on those claims, defendants noted plaintiff's failure to comply with the order in their motion to dismiss, filed July 26, 2006. The court ultimately denied that portion of the motion which was based on plaintiff's failure to comply with court orders. See 2/14/07 Findings and Recommendations at 9.

On August 2. 2007, plaintiff filed a document captioned "Motion For Discovery." Despite its nominal status as a motion, it is nothing but a discovery request, for it does not seek to compel the defendants to honor earlier requests for discovery, but rather seeks sixty one categories of evidence. It is denied.

On September 24, 2007, plaintiff filed a letter and approximately three hundred pages of medical records. He alleges that other such records were removed from his cell within days of his deposition and suggested that counsel for the defendants were involved because of their symbiotic relationship with the Department of Corrections and Rehabilitation. Plaintiff has made no attempt to explain the relevance of this mass of documents to this action, but appears instead to have provided them to the court for safekeeping.

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) (internal citation & quotation omitted). A court's inherent authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). Any sanction imposed must be tailored to the abuse. In re Anderson, 511 U.S. 364, 366 (1994).

In this case, plaintiff has been warned repeatedly against filing papers not recognized by the rules of court or by court order. His refusal to comply with previous court orders warrants the imposition of sanctions.

IT IS HEREBY ORDERED that:

1. Defendants' October 2, 2007 request for an extension of time in which to file dispositive motions is granted; dispositive motions from any party are due no later than November 30, 2007;

2. Plaintiff's August 2, 2007 motion for discovery is denied;

3

1         3.  Plaintiff's September 24, 2007 letter and its attachments are stricken from the
2   record;

3         4.  From this date forward, the Clerk of the Court is directed to return without
4   filing any pleading, letter, motion, or document longer than twenty-five papers including
5   attachments received from plaintiff, after making a notation on the docket showing the title
6   plaintiff has given the document and its length, if it is not accompanied by the motion described
7   in paragraph 6.  If it is accompanied by a motion, the Clerk of the Court should follow the
8   procedures established in paragraph 6;

9         5.   Should plaintiff attempt at any time to circumvent the twenty-five page
10  limitation imposed above by submitting more than one twenty-five page document relating to the
11  same motion, opposition or pleading, the court will thereafter limit the number of documents,
12  pleadings, motions or letters that plaintiff may file in a specified period of time;

13        6.  If plaintiff desires to file a pleading or document longer than twenty-five
14  pages, including attachments, he must submit a motion with the document, explaining in detail
15  why he cannot confine himself to the page limits imposed in this order and why any attachments
16  are relevant to the motion, pleading, document, letter or case.  This motion should not exceed ten
17  pages and should include no attachments.  The Clerk of the Court is directed to file any such
18  motion, but is directed <u>not</u> to file the accompanying oversized document.   Instead, the Clerk
19  should send the oversized document to the Magistrate Judge's chambers for review.  If the Court
20  determines that plaintiff has not established a compelling need to exceed the page limitations, the
21  document will be returned to plaintiff;

22        7.  Should plaintiff file motions for leave to file oversized documents as a routine
23  matter, the court will impose additional sanctions, including dismissal of the action; and
24  /////
25  /////
26  /////

4

8. Plaintiff is again directed not to file discovery requests except when required by Local Rules 30-250(a), 33-250(c) and 36-250(c); failure to abide by this order will result in the imposition of sanctions, which may include a limit on the number of motions, pleadings, letters or documents plaintiff may file during a given period or dismissal of the action with prejudice.

DATED: October 5, 2007.

_____
U.S. MAGISTRATE JUDGE

2/jord1820.41(b)