1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JOHN R. JORDAN, Jr.,

10          Plaintiff,              No. CIV S-03-1820 LKK KJM P

11      vs.

12   CAL A. TERHUNE, et al.,

13          Defendants.             ORDER

14   _____/

15          Plaintiff has filed his second and third request for an extension of time to file and

16   serve an opposition to defendant Rohlfing's November 30, 2007 motion for summary judgment.

17   Good cause appearing, the request will be granted.

18          Plaintiff has also filed several requests for an extension of time to file and serve

19   an opposition to the motion for summary judgment and statement of undisputed facts filed by

20   defendants J. Boitano, D. J. Brown, T. Cobb, J. Cox, R Dreith, J. Eder, T. Felker, B Fleming, K.

21   McCraw, D. McGuire, S. Platt, D. Vanderville, R Wong, M. Wright, R. Miranda, S. Armoskus

22   and K. Kopec.  Good cause appearing, these requests will be granted.

23          Finally, on January 2 and January 9, 2008 plaintiff filed motions to reopen

24   discovery in order to secure documents necessary to oppose summary judgment.  Defendants

25   have opposed these motions.

26   /////

1    Rule 56(f) of the Federal Rules of Civil Procedure permits a court to deny or

2  continue determination of a motion for summary judgment "should it appear from the affidavits

3  of a party opposing the motion that the party cannot for reasons stated present by affidavit facts

4  essential to justify the party's opposition."

5    The Ninth Circuit has held:

6    References in memoranda and declarations to a need for discovery
     do not qualify as motions under Rule 56(f).  Rule 56(f) requires
7    affidavits setting forth the particular facts expected from the
     movant's discovery.  Failure to comply with the requirements of
8    Rule 56(f) is a proper ground for denying discovery and
     proceeding to summary judgment.
9
     Further, the movant cannot complain if it fails to pursue discovery
10   diligently before summary judgment.

11  Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).  Similarly, an

12  implicit motion for more time to conduct discovery will not bar summary judgment.  State of

13  California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); King v. Atiyeh, 814 F.2d 565, 567

14  (9th Cir. 1987) (pro se plaintiffs still must follow rules of procedure).

15   Although plaintiff suggests the need for more discovery in his motion, which he

16  has signed under the penalty of perjury, he has not clearly described the material he seeks to

17  develop nor suggested how the information will bolster his opposition to the motion for

18  summary judgment.  See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999).  Accordingly,

19  plaintiff's request for further discovery will be denied.

20   IT IS HEREBY ORDERED that:

21   1.  Plaintiff's January 2 (Docket Nos. 198, 199 & 201) and January 9, 2008

22  (Docket Nos. 207 & 209) requests for extensions of time are granted.

23   2.  Plaintiff is granted sixty days from the date of this order in which to file and

24  serve an opposition to defendant Rohlfing's November 30, 2007 motion for summary judgment

25  and the remaining defendants' November 30, 2007 motion for summary judgment and statement

26  of undisputed facts.  No further extensions of time will be granted.

1          3.  Plaintiff's January 2 and January 9, 2008 requests (Docket Nos. 200 & 208) to

2   reopen discovery are denied.

3   DATED:  January 17, 2008.

4   _____
    U.S. MAGISTRATE JUDGE

5

6   2/ke
    jord1820.36sec(2)

7