IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN R. JORDAN,

        Plaintiff,                    No. CIV S-03-1820 LKK KJM  P

    vs.

CAL. A. TERHUNE, et al.,

        Defendant.                ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  The correctional defendants and defendant Rohlfing have filed motions for summary judgment, which are pending before the court.  On January 24, 2008, this court lifted the page limit imposed on plaintiff, but only for purposes of filing his opposition to the motion for summary judgment.  Plaintiff filed his 700-plus page opposition on March 24, 2008 after receiving several extensions of time.

        On October 1 and 9, 2008, plaintiff filed two "motions to introduce . . . recently obtained evidence" in opposition to summary judgment.  Among the documents attached to these two motions are pages of regulations and provisions of the Departmental Operations Manual and a copy of plaintiff's undated request for nineteen categories of records, submitted to the custodian of medical records at Calipatria State Prison, where plaintiff is currently housed.

1

1    Plaintiff has made no showing that these materials are relevant nor has he explained why he could not obtain them during the approximately ninety days between the filing of defendants' motions and the filing of plaintiff's opposition.  Plaintiff's pattern of filing lengthy documents and exhibits outside the motions schedule continues unabated despite this court's attempt to restrict his filings.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motions to introduce additional evidence (docket nos. 231 & 232) are hereby stricken;

2. Plaintiff is barred from filing further evidence, exhibits or arguments in opposition to the motions for summary judgment unless he has secured leave of the court;

3. Should plaintiff wish to obtain leave to file additional materials in opposition to the motions for summary judgment, he may submit a motion without supporting exhibits, describing the proposed exhibits and explaining their relevance.  The explanation will be deemed insufficient if it is merely an exhortation that the court wade through pages of regulations and compare them to the defendants' discovery responses and thereby determine that the defendants have been lying.  Such a motion may be no longer than five pages long.

4. Should plaintiff submit any nonconforming filing, the Clerk of the Court is directed to make a docket notation identifying the document and recording its length and thereafter to return the document to plaintiff without scanning it.

DATED: October 20, 2008.

_____
U.S. MAGISTRATE JUDGE

2
jord1820.str